No. 2,284.

WM. G. HUNT, RESPONDENT, *v.* H. C. DOHRS AND MARY ANN DOHRS (his wife), APPELLANTS.

MORTGAGE—JUDGMENT OF FORECLOSURE BEFORE THE DEBT IS DUE.—A judgment for the principal of a promissory note secured by mortgage, before it becomes due, and an order for the sale of the mortgaged premises for its payment, is erroneous.

IDEM.—FORECLOSURE FOR INTEREST.—Judgment may be had for the sale of so much of the premises as may be necessary to satisfy the interest due.

IDEM.—PERSONAL JUDGMENT FOR DEFICIENCY.—A personal judgment cannot be docketed against the defendant in a suit for foreclosure of a mortgage, until it is ascertained by the Sheriff's return that a balance remains due.

APPEAL from the District Court of the Third District, Alameda County.

This is a suit on a note given by H. C. Dohrs to respondent, January 12, 1869, payable January 12, 1870, with interest at one and a quarter per cent. per month, payable monthly. The note was secured by a mortgage, executed by both H. C. Dohrs and his wife.

The complaint prays for a judgment decreeing that there is due him the full amount of the note, interest, attorney's fees, etc., and that the mortgaged property be sold, etc. The prayer does not ask for a personal judgment against defendants, or either of them—but asks, that if the proceeds do not pay the debt, the judgment may be docketed, etc.

The transcript does not show that the demurrer was overruled or sustained—but it is presumed that it was overruled.

The complaint was filed September 29th, 1869, and judgment rendered October 26th, 1869—more than two months before the note fell due. Judgment was for plaintiff by default.

The judgment recites, that the Court found that H. C. Dohrs owed plaintiff $11,247 96, on the note, and $1,124 79,

in gold coin, for counsel's fees in this action. A personal judgment was entered against both defendants, for both said sums in gold coin and costs. The judgment directs all the mortgaged property to be sold, and that the Sheriff pay plaintiff out of the proceeds, the amount of the judgment, costs, commission, etc.

*Charles A. Tuttle,* for Appellants.

The personal judgment is entered up against both husband and wife—whereas, the husband alone signed the note. Even if the wife had signed, she could not bind herself by such a contract—as it does not appear to concern her separate property. The judgment exceeds the relief asked for. (Practice Act, Sec. 147 ; 27 Cal. 655 ; 29 Cal. 165.)

The judgment was rendered two months before the note fell due.

Section 246 of the Practice Act prohibits personal judgments in foreclosure cases. This section allows but one action for the *recovery of any debt,* or the *enforcement of any right,* secured by mortgage—and action must be in accordance with the three Sections 246, 247 and 248, being Ch. I.

The note did not fall due until three months after suit was commenced, and until two months after the judgment was rendered.

Only sufficient of the land should have been sold to pay the interest then due.

*H. P. Watkins* and *H. P. Irving,* for Respondents.

RHODES, C. J., delivered the opinion of the Court :

The judgment for the principal of the promissory note is erroneous—because the complaint shows, that when the action was commenced, the note had not become due. The plaintiff might have taken a judgment for a sale of so much of the mortgaged premises, as might be necessary to satisfy the interest then due ; but the order for the sale of all the premises was erroneous. The personal judgment against the defendant was erroneous. (See Practice Act, Sec. 246.)

Judgment reversed, and cause remanded.