[No. 14558. In Bank. — March 25, 1892.]

## JOHN J. BRILL, RESPONDENT, *v.* LEWIS SHIVELY ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — ANSWER BY MORTGAGEE OF TWO TRACTS — JUDGMENT — RES ADJUDICATA — SECOND FORECLOSURE UPON TRACT NOT INVOLVED. — Where, in an action to foreclose a mortgage, a subsequent mortgagee, who was made a party defendant, filed an answer setting up a mortgage covering the tract of land involved in the action, and also another tract, and praying that if any surplus should remain after applying the proceeds of sale of the tract involved in the action to the payment of the first mortgage, it should be applied to the payment of the subsequent mortgage, a judgment foreclosing the prior mortgage is not a bar to another action by the subsequent mortgagee to foreclose his mortgage, as against the other tract of land not involved in the first action.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Henry Bleecker*, *W. I. Foley*, and *George I. Cochran*, for Appellants.

*John D. Bicknell*, and *D. P. Hatch*, for Respondent.

SHARPSTEIN, J. — This appeal is from a judgment and order denying defendants' motion for a new trial in an action to foreclose a mortgage executed by defendants to plaintiff. The mortgage embraces two distinct tracts

of land, which, for convenience, we shall designate as
tracts 1 and 2. Upon tract 2 there was a mortgage
prior to plaintiff's, which was foreclosed before this
action was commenced. In that action plaintiff was
made a party, as claiming some interest subsequent to
and subject to the lien of the plaintiff in that action.
The plaintiff herein filed an answer in that action, in
which he set out the mortgage which he held upon said
tracts 1 and 2, and prayed that if any surplus should
remain after applying the same to the amounts due on
said prior mortgage the same be applied to the payment
of the mortgage of the plaintiff herein, defendant in said
action, to foreclose said prior mortgage.

It nowhere appears that tract 1 was in any way in-
volved in the action to foreclose the mortgage prior to
the plaintiff's on said tract 2, but appellants contend that
the judgment in that case is a bar to this action, and
that the court below erred in holding that it is not. It
is sufficiently clear to us that the judgment in that case
did not, and could not, affect any land or interest outside
of the tract involved in that action. The plaintiff's
mortgage embraced two tracts, one of which only was
involved in that action. The other was as much outside
of that action as if it had been mortgaged to the plaintiff
in a separate mortgage. It could not be foreclosed in
an action brought to foreclose a mortgage upon another
and separate tract of land.

No bar to this action is shown, and no other defense
appearing in the record, the judgment and order must
be affirmed.

Judgment and order affirmed.

McFARLAND, J., HARRISON, J., PATERSON, J., GA-
ROUTTE, J., and DE HAVEN, J., concurred.

Rehearing denied.