[L. A. No. 430. Department One.—June 27, 1898.]

FREDERICK N. PAULY, as Receiver, etc., Respondent, v. C. W. ROGERS et al., Appellants.

FORECLOSURE—JUNIOR MORTGAGE—CREDIT OF SURPLUS—RIGHT TO FORECLOSE UPON OTHER PROPERTY.—A junior mortgagee made a party defendant in foreclosure, may plead his mortgage, and ask that any surplus derived from the sale of the property subject to both mortgages, be applied as a credit upon his note; and, by so doing, he in no sense brings an action to foreclose his mortgage, and is not barred from thereafter bringing an action to foreclose the mortgage upon other property included therein, which was not subject to the prior mortgage.

ID.—ANSWER—CROSS-COMPLAINT—PARTIES—STIPULATED JUDGMENT.—Where the junior mortgagee filed an answer merely admitting all the allegations of the complaint, and also filed a cross-complaint, in which the junior mortgage was fully pleaded, and a judgment of foreclosure thereof was asked, but a necessary party to such judgment was not brought in, and no such judgment was had, but a stipulated judgment was rendered for foreclosure of the plaintiff's mortgage, and the application of the surplus upon the indebtedness due the defendant, and the case was not tried and submitted to the court, upon the cross-complaint as a pleading demanding affirmative relief, it must be deemed that the court exercised its power to treat the cross-complaint as an answer setting up the junior note and mortgage, and asking for an application of the residue of the proceeds of the sale thereon, and the judgment so rendered is no bar to a subsequent action to foreclose the junior mortgage upon other property.

APPEAL from a judgment of the Superior Court of San Bernardino County. W. L. Pierce, Judge.

The facts are stated in the opinion of the court.

Haines & Ward, for Appellants.

M. A. Luce, for Respondent.

GAROUTTE, J.—The facts of this case may be briefly stated as follows: One C. W. Rogers mortgaged certain real estate to the Security Savings Bank and Trust Company. Thereafter he and defendant Dora I. Rogers mortgaged the same real estate, and also other real estate, by one instrument to the Pacific Bank. This plaintiff, as the successor in interest of the Pacific

Bank, has brought this action to foreclose the mortgage made to the bank. Prior to the commencement of the present action the corporation holding the first mortgage brought its action of foreclosure, making the Pacific Bank a party defendant. In the present action these defendants by way of defense set out the foregoing facts and others to the effect that the Pacific Bank in the action of foreclosure, where it was made a party defendant, admitted by answer all the allegations of the complaint. They also alleged that the bank at that time filed a cross-complaint in which it set out the execution of the note and mortgage sued upon in the present action, and also alleged the nonpayment of such note, and prayed for judgment of foreclosure, with interest and attorney's fees. The defendants' answer in this action further alleges that such proceedings were had in the aforesaid action that a judgment and decree was entered as follows: (Setting forth by exhibit attached a copy of the decree of foreclosure). This decree recited the following stipulation: "It is hereby stipulated and agreed by and between the attorneys for the plaintiff and defendants in this action, that upon the sale of the property described in plaintiff's complaint for the foreclosure of the mortgage in this action, the surplus, if any there be after satisfying the plaintiff's judgment and costs, shall be turned into court and applied in satisfaction in whole or in part, as the case may be, of the indebtedness due by the defendant Charles W. Rogers to the Pacific Bank, as set forth in the answer and cross-complaint of said Pacific Bank in this action, and that the decree directing the sale of the property described in the mortgage foreclosed by the plaintiff be drawn in accordance with this stipulation, and that findings of fact herein be waived." This stipulation is signed by the attorneys for plaintiff in that action, the attorneys for Charles W. Rogers, and by the attorney for the Pacific Bank.

The court by its decree found the amount due plaintiff; that plaintiff was entitled to have his mortgage foreclosed; that Charles W. Rogers "is indebted to the defendant, the Pacific Bank, in the sum of five thousand nine hundred and ninety-three dollars and ninety cents, with interest thereon from October 19, 1891, at the rate of one per cent per month, compounded

monthly, which said sum is secured by mortgage upon a portion of the premises hereinafter described, but that the lien of the Pacific Bank is subject to and subordinate to the lien of plaintiffs herein"; that the mortgaged premises described in the complaint be sold; that the proceeds of the sale be applied to plaintiff's judgment and costs, and that the surplus "realized from the sale of said property, if any there be, shall be deposited with the clerk of this court and applied in satisfaction, in whole or in part as the case may be, of the indebtedness due by the defendant Charles W. Rogers to the Pacific Bank, as set forth in the answer and cross-complaint of said Pacific Bank in this action, in accordance with the terms of the stipulation hereinbefore set forth in this decree."

The foregoing matters are all set out in the answer in the present action in the nature of an affirmative defense or bar. Defendants now insist that the Pacific Bank in setting up its mortgage by cross-complaint in the former action cannot be allowed to bring this action of foreclosure. It is claimed that such a proceeding would be violative of section 726 of the Code of Civil Procedure, which declares: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property." The trial court did not agree with these contentions as to the law, and upon motion of the plaintiff struck from the answer of defendants all the matters that we have in a general way recited therefrom. The real question here presented involves the validity of the action of the trial court in thus treating these allegations of the defendants' answer.

There are two salient facts, which when coupled together defeat the claim of appellants as to the existence of a defense or bar to the prosecution of the present action based upon the facts shown by their answer. First, the decree in the former action does not attempt to foreclose this plaintiff's mortgage; and second, under the authority of *Brill v. Shively*, 93 Cal. 674, there could be no such foreclosure under a cross-complaint, conceding an attempt was made so to do. Again, there is no allegation that defendant Dora I. Rogers, a necessary party to the cross-complaint, was served with process or appeared in the action. The stipulation upon which the decree is based is

not signed by her. There is nothing whatever to indicate that the case was tried and submitted to the court upon the cross-complaint as a pleading demanding affirmative relief. A junior mortgagee, made a party defendant in foreclosure, may file an answer setting up his mortgage, and asking that any surplus derived from the sale of the security be applied as a credit upon his note. By following such a course he in no sense brings an action to foreclose his mortgage, and is not barred from thereafter bringing such action, if other lands are included in his mortgage. This is the decision in *Brill v. Shively, supra.* In view of this principle of law, and possibly in view of this decision, the trial court no doubt pursued the course it did in the first foreclosure proceeding, for from the facts shown by the present answer it is evident that the trial court at that time treated the so-called cross-complaint merely as an answer setting out the note and mortgage of the Pacific Bank, and asking an application of the residue of the proceeds of the sale to the satisfaction of its claim. The power of a court to treat a pleading simply as an answer of that character, under the circumstances here disclosed, we do not doubt.

For the foregoing reasons the judgment is affirmed.

Van Fleet, J., and Harrison, J., concurred.