[Sac. No. 613.   Department One.—February 21, 1900.]

STOCKTON SAVINGS AND LOAN SOCIETY, Respondent, v. N. S. HARROLD et al., Respondents, and JOHN DEMPSTER McKEE, Appellant.

Foreclosure of Mortgages — Cross-Complaint — Mortgages of Distinct Tracts to Secure One Debt—New Parties.—In an action to foreclose two several mortgages executed by each of the makers of a joint and several note to plaintiff, upon his individual property, a subsequent mortgagee, made a party defendant, who holds a note of one of the same makers, secured by a mortgage executed by him and a third person upon a larger tract, and also secured by a subsequent mortgage executed by the same maker upon a wholly distinct tract, may, by cross-complaint, foreclose both of his mortgages, bringing in whatever new parties are necessary to such foreclosure. It is error to strike out from the cross-complaint allegations concerning the mortgage upon the distinct tract securing the same debt secured by the mortgage of the larger tract, which included premises covered by one of plaintiff's mortgages.

Id.—Loss of Lien not Foreclosed.—If the defendant were to sue in an independent action of foreclosure, he would lose the lien of the mortgage of the distinct property securing the same debt, if it were omitted from the foreclosure; and he cannot be compelled to lose part of his security, when foreclosing his mortgages by way of cross-complaint.

Id.—Right of Cross-Complainant—Additional Land—New Parties.— The provision in section 442 of the Code of Civil Procedure for a cross-complaint, where affirmative relief is sought affecting the property to which the action relates, only requires that there shall be some connection between the cause of action in the cross-complaint and the property to which the action relates; and the fact that the cause of action of the defendant includes additional land as well as that with which the plaintiff is concerned, and the further fact that new parties are brought in by the cross-complaint, are not tenable objections thereto.

Id.—Mortgage of Distinct Land Securing Distinct Notes—Restriction of Foreclosure by Cross-Complaint—Decree Saving Lien.— Where the mortgage of the distinct tract of land not included in the complaint not only secured a joint note, which was also secured by a mortgage inclusive of part of the land described in the complaint, but also secured a wholly distinct note of one of the parties to the joint note, it cannot be foreclosed by cross-complaint, so far as respects such distinct note; but the decree of foreclosure should save from the effect of the sale the lien of the mortgage securing such distinct note.

Id.—Successive Foreclosures—Construction of Code.—Section 726 of the Code of Civil Procedure, providing that there shall be but one action to recover any debt secured by mortgage, does not prohibit successive foreclosures for distinct debts secured by the same mortgage when the circumstances render that course proper.

APPEAL from a judgment of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion.

Henry E. Monroe, and Edward J. Pringle, for Appellant.

Nicoll & Orr, for Stockton Savings and Loan Society, and for New Defendant to Cross-Complaint, Respondents.

Arthur L. Levinsky, Woods & Levinsky, R. L. Beardslee, W. B. Nutter, W. N. Rutherford, and Gunnison, Booth & Bartnett, for Other Defendants, Respondents.

BRITT, C.—On December 7, 1894, the defendants, N. S. Harrold and H. W. Cowell, made to plaintiff their joint and several promissory note for the sum of fifty-six thousand six hundred and eighty-two dollars, and to secure payment thereof Harrold executed to plaintiff a mortgage of certain lands, his individual property, and for the same purpose Cowell also made to the plaintiff a mortgage of lands owned by him in severalty. Plaintiff brought this action to foreclose said mortgages, and joined as a party defendant, among other persons, the appellant McKee, alleging that McKee claims an interest in the said lands subsequent and subject to the liens of said mortgages.

McKee is the creditor of Harrold and Cowell jointly, and also of each of them severally; for his security he holds two mortgages executed by said Harrold, and a series of three mortgages executed by said Cowell; there is no material difference in the legal questions arising in the case upon the two sets of securities, respectively, and it will be convenient, and sufficient for our purposes to give a summary of the transactions and proceedings which immediately concern the mortgages of the defendant Cowell, omitting such as concern more directly those of the defendant Harrold. The said mortgage of Cowell

to the plaintiff dated December 7, 1894, covered a tract of land about two thousand two hundred and forty acres in area; on February 15, 1896, Cowell made his promissory note to McKee for the sum of thirty-three thousand dollars, and, to secure payment thereof, he executed to McKee a mortgage of the same date (in which one E. C. Cowell joined as mortgagor) of and upon the said tract of two thousand two hundred and forty acres and also an adjacent tract of, say, four hundred and seventy acres. On May 23, 1896, H. W. Cowell and said Harrold made their joint and several note in favor of McKee for the sum of nine thousand four hundred and ninety-one dollars; and said H. W. Cowell, to secure payment thereof, and also as additional security for his said note of February 15, 1896, executed his several mortgage to McKee upon another body of land containing, it seems, nine hundred and sixty acres, which was entirely distinct from the lands included in the previous mortgage of February 15th. There was a third mortgage from H. W. Cowell to McKee, made July 19, 1897, upon portions of the tract of nine hundred and sixty acres just mentioned, as yet further security for said note of February 15, 1896; the motive for executing this instrument is not clear, for the property covered by it seems to have been already mortgaged for the same debt; it adds nothing to the facts which influence the law of the case, and what is herein said respecting the mortgage of May 23, 1896, treated as security for the note of thirty-three thousand dollars, may be regarded as applying also to said mortgage of July, 1897. The debts evidenced by all the notes aforesaid, together with interest thereon, were due and unpaid at the time the plaintiff commenced this action.

McKee filed a cross-complaint against the plaintiff and against Harrold, Cowell, and other defendants named in the plaintiff's complaint, joining also as defendants in his cross-complaint said E. C. Cowell and one Westbay and one West, who were not parties to the plaintiff's action. In the cross-complaint, McKee set up all his said mortgages, and prayed the foreclosure thereof. Among the averments of his pleading was one that said Westbay and West claim an interest in the land embraced in the mortgage of May 23, 1896, which interest is subject to the lien of that mortgage. On motion of the plain-

tiff, the court struck out of the cross-complaint the allegations thereof relating to said mortgage of May 23d, on the ground that the same "do not relate to or depend upon the contract or transaction upon which plaintiff's action was brought, nor do said portions of said cross-complaint affect the property to which said action relates," and that they consist of matter irrelevant to plaintiff's cause of action. Judgment was rendered for the foreclosure of plaintiff's two mortgages, and also McKee's mortgage of February 15, 1896; the judgment required, among other things, the sale of all the land affected by the mortgage last mentioned, and the application of the proceeds realized from the sale of the tract of two thousand two hundred and forty acres first to the payment of the demand secured by plaintiff's mortgage thereon, and the excess, if any, on H. W. Cowell's indebtedness of thirty-three thousand dollars, with interest, etc., to McKee; and that if such excess should be insufficient to pay the amount of such indebtedness to McKee, then that the tract of four hundred and seventy acres be sold in order to raise the balance; and that if a deficiency still remain, McKee shall have judgment against Cowell personally for the amount thereof. The plaintiff is the only party who resisted McKee's attempt to foreclose all his mortgages.

On the facts thus stated, the point mainly contested is whether the court erred in striking out portions of McKee's cross-complaint, and thus preventing the foreclosure in this action of his mortgage of May 23, 1896, on the tract of nine hundred and sixty acres. The circumstances which render a cross-complaint proper are defined by statute: "Whenever the defendant seeks affirmative relief against any party relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may . . . . file a cross-complaint." (Code Civ. Proc., sec. 442.) Obviously, the relief sought by McKee does not relate to or depend upon the contracts or transactions—the prior note and mortgages—on which the plaintiff's suit is founded; so that the inquiry becomes whether the relief sought on the mortgage of May 23, 1896, so affects the property to which plaintiff's action relates that such mortgage is the proper subject of foreclosure by cross-complaint.

Cowell's individual note to McKee for the sum of thirty-three thousand dollars was secured, as has been seen: 1. By the mortgage of same date as the note, February 15, 1896, which covered the two thousand two hundred and forty acres of land included in the prior mortgage to plaintiff, and covered also an adjacent tract of four hundred and seventy acres; 2. By the later mortgage of May 23, 1896, on a separate and distinct tract of nine hundred and sixty acres. McKee's right to foreclose on the tract of two thousand two hundred and forty acres, as to which his mortgage of February 15th was a second lien, is admitted; the court below went farther and decreed the foreclosure of that mortgage on the adjacent tract of four hundred and seventy acres as to which it was a first lien; but there the court halted; as the result of its ruling on the motion to strike out parts of McKee's pleading, the tract of nine hundred and sixty acres, on which the same note of thirty-three thousand dollars was secured by the mortgage of May 23d, was left beyond the pale of the judgment. By the law of this state one who proceeds for the recovery of a debt secured by mortgage is required to exhaust the security in one action for the foreclosure of the mortgage (Code Civ. Proc., sec. 726); and it has been held, pursuant to the policy declared by the statute, that when the same debt is secured by two distinct mortgages the foreclosure of but one of these has the effect to waive and nullify the lien of the other. (*Hall v. Arnott*, 80 Cal. 348.) To like effect are *Mascarel v. Raffour*, 51 Cal. 242, and *Commercial Bank v. Kershner*, 120 Cal. 495. So that if the doctrine contended for by the plaintiff is right and the judgment stands, the result must be that McKee can never enforce the lien of his mortgage of May 23d for any part of the debt evidenced by Cowell's note for thirty-three thousand dollars. Moreover, although the court decreed that a judgment for the amount of deficiency should be docketed in favor of McKee against Cowell personally, in case the proceeds of sale of the premises included in the mortgage of February 15th (after first satisfying the mortgage of Cowell to plaintiff) should be insufficient to pay the amount due on the note of thirty-three thousand dollars, with costs, etc., yet it is at least doubtful whether this procedure was regular; for McKee had not exhausted his mortgage

security for that note; in general, the personal liability of a mortgagor is "contingent on the fact that a sale of the mortgaged premises shall fail to satisfy the debt and costs" (*Biddel v. Brizzolara,* 64 Cal. 362); and this, it has been held, means the sale of all the mortgaged premises—the remedy of foreclosure being waived in part, the personal liability of the mortgagor is also waived. (*Bull v. Coe,* 77 Cal. 55; 11 Am. St. Rep. 235; *Woodward v. Brown,* 119 Cal. 283; 63 Am. St. Rep. 108, and cases cited.) It is therefore plain that, if McKee had himself first commenced a suit to foreclose for Cowell's debt of thirty-three thousand dollars, he must have pleaded both the mortgages by which such debt was secured, under penalty of losing all the security not thus claimed; in such an action he would have had the right to bring the Stockton Savings and Loan Society before the court, and the court would have made provision by its decree for the discharge first of the prior mortgage of said society from the proceeds of sale of the tract of two thousand two hundred and forty acres (*Gutzeit v. Pennie,* 97 Cal. 489); McKee's two mortgages for the same debt would have been foreclosed, and thus the court would have administered in such hypothetical action the same relief which McKee claims should have been administered in the case here. So that there is no difficulty inherent in the facts of the case to prevent the court from disposing of both McKee's mortgages in the same judgment which disposes of the mortgages of plaintiff.

Plaintiff urges on sundry grounds that such objects cannot be accomplished by cross-complaint.

1. The effect of section 442 of the Code of Civil Procedure is to require that in cases like the present the relief sought by cross-complaint must be such as affects "the property to which the action relates," viz., the property which is the subject of the action brought by the plaintiff; it is argued hence—although in the face of the practice adopted by the court in decreeing the sale of the parcel of four hundred and seventy acres—that McKee can have no foreclosure on land which plaintiff has not proceeded against. The relief claimed by the cross-complaint in the effort to recover on Cowell's note for thirty-three thousand dollars does affect the land of Cowell against which plaintiff is proceeding, such note being secured by a mortgage

which is a second lien on that land; the statute does not require that McKee shall abandon part of his security for the same debt—the later mortgage of May 23d—in filing a cross-complaint for the foreclosure of the other part; it has not been enacted that the affirmative relief sought by the cross-complaint shall affect *only* the property to which the plaintiff's action relates. As said of a very similar statute: "The requisite of connection of the defendant's cause of action with the subject of the plaintiff's action is not defined or restricted by the statute. There must only be some connection." (*Metropolitan Trust Co. v. Tonawanda etc. R. R. Co.*, 43 Hun, 521; affirmed, 106 N. Y. 673.) It has been several times held that a defendant may, by cross-complaint or cross-bill, obtain relief affecting land in addition to that involved in the plaintiff's suit, when the cross-complainant's cause of action includes such additional land as well as that with which the plaintiff is concerned. (*Loughridge v. Cawood*, 97 Ky. 533; *Morrison v. Morrison*, 140 Ill. 560; *Phillips v. Anthony*, 47 S. C. 460.)

2. A second objection is that new parties, E. C. Cowell, Westbay, and West, are brought into the action by the cross-complaint in the attempt to foreclose the mortgage of May 23d. This, in itself, is no substantial objection, if the cause of action to which they are made parties defendant is the proper subject of a cross-complaint. (*Mackenzie v. Hodgkin*, 126 Cal. 591, and cases cited; *Loughridge v. Cawood, supra.*) The apprehension expressed by plaintiff that said new parties might themselves file a cross-complaint involving the lands affected by Cowell's mortgage of May 23d and yet other lands, and so an "endless continuity" of cross-complaints might occur, is without foundation; there could be no proper cross-complaint which does not in some manner affect "the property to which the action relates," viz., the property which is the subject of the plaintiff's complaint.

3. Reliance is placed on *Brill v. Shively*, 93 Cal. 674. Some language was used in the opinion in that case which from its generality seems to support plaintiff's contention. Brill had held a mortgage on two pieces of land, one of which was subject to a prior mortgage. In an action to foreclose the prior mortgage, Brill had been made a defendant, and by answer had

prayed that any surplus remaining after satisfying the prior mortgage should be paid over to him in virtue of his subsequent mortgage. When Brill came to foreclose his own security, it was claimed in defense that he had already had his one foreclosure in the said former suit, and was barred of any further remedy; but it was considered by the court here that the judgment in the former action concerned only the tract involved in that action, and was no bar to Brill's foreclosure upon the other tract. This was all that was necessary for the disposition of the case, but it was further remarked in the opinion that Brill's mortgage on the tract as to which it was the sole encumbrance "could not be foreclosed in an action brought to foreclose a mortgage upon another and separate piece of land." The remark was just as applied to the circumstances of that case; there could be no foreclosure by a mere answer—a pleading which, under our system, is responsive only to the plaintiff's complaint and regularly is served on nobody but the plaintiff; this court has several times so decided. (*White v. Patton*, 87 Cal. 151; *Hibernia etc. Soc. v. Clarke*, 110 Cal. 27. See, also, *Goodenow v. Ewer*, 16 Cal. 468, 469; 76 Am. Dec. 540.) How widely the relief granted in such cases on the cross-complaint of a mortgagee defendant differs, in its nature and its consequences, from that which may possibly be allowed on his answer, appears from *Black v. Gerichten*, 58 Cal. 56, distinguishing *Frink v. Murphy*, 21 Cal. 108; 81 Am. Dec. 149. Plaintiff cites also *Pauly v. Rogers*, 121 Cal. 294. There the court said that "under the authority of *Brill v. Shively, supra*, there could be no such foreclosure under a cross-complaint," referring to an alleged attempt by a mortgagee defendant in a previous action to foreclose his mortgage on land additional to that affected by the original complaint in that action. We understand this observation in *Pauly v. Rogers, supra*, to be a statement of what was said in *Brill v. Shively, supra*, rather than an affirmance of the dictum as law, for the court proceeded to show that in the case then before it—*Pauly v. Rogers*— the so-called cross-complaint was not such in fact, that it omitted a necessary party, and had been treated by the trial court merely as an answer, and that the former action was not tried or submitted "upon the cross-complaint as a pleading

demanding affirmative relief." Certainly, nothing was decided in either *Brill v. Shively*, or *Pauly v. Rogers*, adverse to the views we entertain of the present case. In our opinion, McKee was entitled to foreclose in this action all his mortgage security for the note of thirty-three thousand dollars.

The status of the security for the note of nine thousand four hundred and ninety-one dollars requires separate consideration. Althou.... that note is included in the mortgage of May 23d with the previous note of February 15th, yet it is a wholly distinct debt—the promise of Harrold and Cowell jointly, while the note of February 15th is the promise of Cowell alone. The mortgage of May 23d, so far as regards the smaller note, is therefore virtually a separate mortgage for the security of that note (see *Tyler v. Yreka Water Co.*, 14 Cal. 212); in that aspect, it certainly does not affect the property to which the plaintiff's action relates; the note of nine thousand four hundred and ninety-one dollars is a cause of action in McKee's favor secured only on the tract of nine hundred and sixty acres, and no sufficient reason appears why it should be allowed any standing for enforcement in this suit. The decree for the sale of the tract of nine hundred and sixty acres to satisfy the note for thirty-three thousand dollars, with interest, etc., should direct that the sale be made of that tract subject to the lien of the mortgage of May 23d for the payment of the said note for nine thousand four hundred and ninety-one dollars, and that McKee be permitted to proceed by independent action against the purchaser and other proper parties to enforce the lien thus saved and reserved in his favor. The power of a court of equity in a proper case to direct a sale of property on foreclosure of a mortgage saving from the effect of the sale a further lien secured by the same or some other encumbrance is sufficiently established by authority (*Metropolitan Trust Co. v. Tonawanda etc. R. R. Co.*, *supra; Hughes v. Frisby*, 81 Ill. 188; *Poweshiek Co. v. Dennison*, 36 Iowa, 249; *Cox v. Wheeler*, 7 Paige, 248); and the present seems to us to be a proper case for the exercise of the power. Section 726 of the Code of Civil Procedure, providing that there shall be but one action to recover any debt secured by mortgage, does not stand in the way of that course; it does not prohibit successive foreclosures

—when required by the circumstances—for distinct debts secured by the same mortgage. (Compare *McDougal v. Downey*, 45 Cal. 165; *Hunt v. Dohrs*, 39 Cal. 304.) McKee will thus have the full benefit of all his securities and at the same time plaintiff's action will be kept clear of wholly extraneous controversies as designed by section 442 of the Code of Civil Procedure. In order, however, that the court might make the proper provision by its decree for the sale of the tract of nine hundred and sixty acres subject to the lien of the mortgage of May 23d for the payment of the note of the same date, it was necessary that the cross-complaint contain appropriate allegations regarding that note, and it was error to strike them from the pleading. We may suggest that the cross-complainant have advice of counsel before becoming himself the purchaser of this tract at the sale under the first foreclosure, lest by such purchase he hazard the extinguishment of his remaining lien therein and with it the secured debt. (See *Cox v. Wheeler, supra*.) We intimate no opinion whether such result would follow.

It will be understood that the conclusions here announced respecting the Cowell mortgages apply also to the mortgages of Harrold in the like situation. The judgment should be reversed.

Chipman, C., and Cooper C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed. Van Dyke, J., Garoutte, J., Harrison, J.