[S. F. No. 2170. Department One.—June 12, 1902.]

GEORGE A. NEWHALL, Appellant, v. BANK OF LIVER-
MORE et al., Respondents.

MORTGAGES UPON DISTINCT UNDIVIDED INTERESTS—FORECLOSURE—CROSS-
COMPLAINT—PRIOR MORTGAGE OF WHOLE INTEREST—PARTIES—CON-
CLUSIVENESS OF DECREE.—In an action to foreclose a mortgage upon
an undivided half interest in land, a prior mortgagee made defendant,
who holds a mortgage upon the entire premises, has the right upon
cross-complaint to foreclose such mortgage upon the whole property,
and to bring in as parties the owner of the other undivided half
interest and a subsequent mortgagee thereof, and a decree in favor
of the cross-complainant foreclosing the equity of redemption of
such subsequent mortgagee of the other undivided interest is
conclusive upon him; and he cannot maintain an action to have the
decree declared void for want of jurisdiction, and to redeem from
such prior mortgage.

APPEAL from a judgment of the Superior Court of Ala-
meda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, for Appellant.

G. W. Langan, for Bank of Livermore, Respondent.

Nye & Kinsell, for L. A. Crane, Executor, Respondent.

VAN DYKE, J.—Action to foreclose mortgage given by
defendant Hatch, bearing date April 25, 1893, upon an un-
divided half interest in a certain tract of land, being a part
of the Rancho Los Positos, in the county of Alameda, and
to have declared void a former judgment in favor of defend-
ant the Bank of Livermore as against said plaintiff, and
also that the plaintiff be allowed to redeem the premises from
the lien of a prior mortgage given to Hugh Dougherty and
by him assigned to defendant Sophy C. Crane.

It appears from the findings in the case that in April,
1893, and prior to the execution of the note and mortgage on
which this suit is brought, the defendant A. T. Hatch, the
mortgagor, was the owner of the undivided one half of the
property described therein, and one J. T. Smith the owner of

the other undivided one half; that in September, 1887, said Hatch and Smith executed to Hugh Dougherty their mortgage upon the whole of the real estate described in the complaint to secure their promissory note, and thereafter, in August, 1894, said Dougherty assigned the same and the debt secured thereby, being the sum of $3,790, to defendant Sophy C. Crane, and that thereupon, on said date, said Hatch and Smith, by an instrument in writing, renewed said note and mortgage in favor of said Sophy C. Crane, which instrument of renewal was duly recorded; that plaintiff thereupon agreed with said Hatch and Smith that said mortgage to Dougherty, notwithstanding its renewal to said Sophy C. Crane, should retain its precedence as a lien over the mortgage so given by said Hatch to plaintiff; that thereafter said Smith executed to the defendant the Bank of Livermore a mortgage on his undivided one half of the property in question herein, together with other property, to secure an indebtedness of said Smith to said bank; that on November 5, 1895, the Bank of Livermore, defendant herein, commenced an action in the superior court of said county of Alameda to foreclose its said mortgage so given by said Smith on his undivided interest in said property; that the plaintiff herein was not made a party to said action, nor was the mortgagor, said Hatch; that on November 7, 1896, Sophy C. Crane, defendant in said action, filed an answer and cross-complaint therein, and in her cross-complaint set out the mortgage executed as aforesaid by Hatch and Smith on the whole of the premises in question, and prayed for a decree of foreclosure of said mortgage. The plaintiff, Newhall, was named as a party defendant in said cross-complaint, as well as said Hatch and one Dougherty. A summons was issued on said cross-complaint and duly served. In plaintiff's complaint herein it is alleged that he was never served with summons. But this averment is denied by said Sophy C. Crane, and, on the contrary, it is alleged in her answer that the plaintiff herein was served with summons on said cross-complaint, and the court so finds, and that plaintiff's default thereafter was duly entered. It is also found herein that in said action brought by the Bank of Livermore it was decreed that said plaintiff herein, George A. Newhall, be foreclosed of all equity of redemption in and to said mortgaged premises, and that

said plaintiff herein was not entitled to a decree allowing him to redeem the mortgaged premises from the lien of the mortgage given by Hatch and Smith to Hugh Dougherty, as aforesaid, and by him assigned to Sophy C. Crane; and further, that said plaintiff was not entitled to have the said judgment in the action of the Bank of Livermore *v.* Smith *et al.*, declared void.

During the pendency of the suit defendant Sophy C. Crane died, and L. A. Crane, her executor, was substituted in her place as defendant.

The appeal is taken from the portion of the judgment denying the plaintiff any relief as against the said defendants L. A. Crane, executor of the last will of Sophy C. Crane, deceased, and the Bank of Livermore.

The appeal is upon the judgment-roll.

It is contended by the appellant that the decree entered upon the cross-complaint of Sophy C. Crane, as to the undivided one half of the property which was not encumbered by the mortgage of the Bank of Livermore, was void, as the court had no jurisdiction to render it. But it will be seen from the foregoing statement of facts in the case that the action by the Bank of Livermore was to foreclose on the Smith undivided one-half interest, and that Sophy C. Crane, who was made a party defendant in said action, held a mortgage covering that interest and also the other undivided half interest owned by said Hatch, the mortgagor of the plaintiff. Having been brought into court in the action of Bank of Livermore *v.* Smith, it was proper for said defendant Crane to set up by way of cross-complaint her interest, and ask for a foreclosure of the whole security of said interest. (Code Civ. Proc., sec. 442.) And as there can be but one action for the recovery of a debt secured by a mortgage upon real estate, it was necessary in her cross-action to include the other undivided interest embraced within her mortgage. Otherwise, she would have lost the benefit of the security upon the other undivided half interest, mortgaged by Hatch to the plaintiff herein. (Code Civ. Proc., sec. 726.) It is the policy of the law and the peculiar province of a court of equity to have a complete determination of a controversy before it, when it can be done; and when this cannot be done without the presence of other parties, the court must order them to be brought

in, and to that end may order amended and supplemental pleadings, or a cross-complaint, to be filed and summons thereon to be issued and served. (Code Civ. Proc., sec. 389.) It is conceded that Sophy C. Crane having been made a party, and filed her cross-complaint praying for relief, the court had jurisdiction of the subject-matter of her mortgage, so far as it related to the Smith interest. That being the case, the court had jurisdiction to bring in Hatch and Newhall, and to foreclose the Crane mortgage on the Hatch interest at the same time. As already stated, by the law of this state, one who has a debt secured by a mortgage is required to exhaust the security in one action by foreclosure of the mortgage. Jones on Mortgages (sec. 1367) says: "In determining who are proper and necessary parties to a bill to foreclose a mortgage, two fundamental principles in all proceedings in equity must be kept in view. . . . It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and prevent future litigation. It is a maxim, as stated by Lord Talbot, that a court of equity in all cases delights to do complete justice, and not by halves. Therefore, it is generally essential that all parties materially interested in the subject-matter of the suit shall be made parties to it, either as plaintiffs or defendants." It has been held in this state where the same debt is secured by two distinct mortgages, the foreclosure of but one has the effect to waive and nullify the lien of the other. (*Mascarel* v. *Raffour,* 51 Cal. 242; *Hall* v. *Arnott,* 80 Cal. 348; *Commercial Bank* v. *Kershner,* 120 Cal. 495.) A personal judgment on an indebtedness secured by mortgage is contingent upon the sale of the mortgaged premises and the ascertainment of the deficiency. (*Biddel* v. *Brizzolara,* 64 Cal. 362; *Bull* v. *Coe,* 77 Cal. 54;[1] *Woodward* v. *Brown,* 119 Cal. 283.[2]) It is therefore plain that in the foreclosure proceedings on the cross-complaint of defendant Crane in the Bank of Livermore suit it became necessary to include a foreclosure of the Hatch undivided interest on which plaintiff, Newhall, held a mortgage. In

[1] 11 Am. St. Rep. 235.          [2] 63 Am. St. Rep. 108.

*Stockton Sav. and Loan Society* v. *Harrold,* 127 Cal. 612, one McKee, who was made a defendant in the foreclosure suit in that case, held a mortgage, not only on the premises in controversy, but also a second mortgage to secure the same debt upon other premises. He filed a cross-complaint for the purpose of foreclosing both mortgages, making Westbay and West, who were not parties to the original suit, defendants in said cross-complaint as to his second mortgage. On motion of plaintiff the court struck out of the cross-complaint the allegations thereof relating to this second mortgage embracing land not included in the first action. Judgment was thereupon rendered for the foreclosure of the plaintiff's two mortgages, and also McKee's mortgage on the same premises, but not as to his second mortgage on the other premises. Upon appeal therefrom by McKee the judgment was reversed, this court holding that it was proper under the rules already stated that the two mortgages held by McKee to secure the same debt should be foreclosed in the same action, and that he could not proceed by piecemeal and bring a separate action as to each piece of property covered by the respective mortgages. That case was decided since the appeal taken in the action herein, and is directly in point. The appellant realizes this, and in his reply brief asks that said decision be overruled, for the reason, as he claims, that it conflicts with the former cases of *Brill* v. *Shiveley,* 93 Cal. 674, and *Pauly* v. *Rogers,* 121 Cal. 294, on which he relies. But in the opinion of *Stockton Sav. and Loan Society* v. *Harrold,* 127 Cal. 612, it will be seen that *Brill* v. *Shiveley* and *Pauly* v. *Rogers* are fully reviewed and distinguished from that case. For the reasons already stated we think this last case lays down the correct doctrine and should not be disturbed.

The judgment is affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.