[L. A. No. 5281. Department One.—May 13, 1920.]

## CITIZENS' SAVINGS BANK OF SAN DIEGO (a Corporation), Respondent, v. CARRIE E. BENNETT et al., Defendants; CARRIE E. BENNETT, Appellant.

[1] MORTGAGE — SUBSEQUENT IMPROVEMENTS — PARTITION DECREE — CHANGE OF BOUNDARIES—SUBSTITUTION OF SECURITY.—Where the owners of certain unimproved lots designated by number in a block of a subdivision, mortgaged the property to secure money to build dwellings thereon, which were built, and thereafter a partition suit was brought to determine the boundaries of the lots and blocks in the subdivision, and the owners and the mortgagee were among the parties plaintiff, and by the decree the boundaries of the lots were so changed that the houses were not on the lots of which the mortgagors were declared to be the owners, the effect of the decree was to substitute such other lots as security, and the houses were removed from the lien of the mortgage.

[2] ID.—INCLUSION OF IMPROVEMENTS BY MISTAKE—OMISSION FROM FORECLOSURE AND SALE—RELEASE FROM MORTGAGE.—Where the owner of a mortgage which covered certain realty and certain houses which were not a part of such realty brought suit to foreclose the mortgage and obtained a decree foreclosing on the realty alone, and bought the realty in for the full amount due, the houses, by reason of their omission from foreclosure and sale, were released from the mortgage.

[3] ID.—FORECLOSURE—OMISSION OF MORTGAGED PARCEL—DISCHARGE FROM LIEN.—Where different pieces of realty are subject to mortgage and a foreclosure is had which omits one of the pieces, the omitted parcel is discharged of the mortgage.

[4] ID.—RELIEF FROM OMISSION.—If the omission of the houses from the foreclosure was by mistake, under such circumstances as to entitle the plaintiff to relief, such relief could be had only by reopening or setting aside the foreclosure decree by suitable proceedings.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge. Reversed.

The facts are stated in the opinion of the court.

Herbert N. Ellis and C. B. Ellis for Appellant.

Albert J. Lee and William G. Mirow for Respondent.

OLNEY, J.—This is an appeal from a judgment for the plaintiff declaring it to be the owner of two certain dwelling-houses, enjoining the defendants from affixing the houses to two certain lots on to which they had just been moved when the action was brought, and giving the plaintiff possession of them. The appeal is on the judgment-roll alone. The real parties in interest are the plaintiff and the defendant, Carrie E. Bennett.

The findings show that Mrs. Bennett and her husband were formerly the owners of certain unimproved lots designated by number in a block in an outside subdivision of the city of San Diego. While such owners, Mrs. Bennett and her husband mortgaged the property to the plaintiff to secure a loan of two thousand dollars made by the plaintiff to the Bennetts upon the understanding that the money would be used in building dwellings upon the property. The subdivision had been platted and the lines of its lots and blocks staked on the ground, and at the time of the giving of the mortgage the president of the plaintiff and the Bennetts went to the subdivision and definitely located the lots of the Bennetts as so platted and staked. Upon these lots the Bennetts then built four houses, two of which are those whose ownership is now in question.

Subsequent to the execution of the mortgage, what is termed a partition suit was brought to determine the boundaries of the lots and blocks in the subdivision. All the owners of lots in the subdivision were made parties and the plaintiff here and the Bennetts were among the parties plaintiff. In the partition suit a survey was made of the subdivision with the consent of the parties whereby the boundary lines of the various lots were located differently from the boundaries previously platted and staked and according to which the Bennetts had purchased and then mortgaged to the plaintiff. On July 12, 1915, a decree, agreeable to all the parties, was entered in the partition suit, whereby the boundaries of the various lots were fixed in accordance with the survey made in the suit. By this decree the Bennetts were declared to be the owners of the lots mortgaged subject to the plaintiff's mortgage, but the lots so owned and mortgaged were defined and bounded according to the partition survey and not as originally platted and staked. The result was that two of the houses built by

the Bennetts, the two in question here, were not on the property of which they were declared by the decree to be the owner. It is this circumstance which gives rise to the present litigation.

While the partition suit was pending the plaintiff here brought suit to foreclose its mortgage and in June, 1915, obtained a decree of foreclosure, under which the mortgaged property was sold and purchased by the plaintiff three days before the entry of the decree in the partition suit. The foreclosure sale was simply of the lots mortgaged designated by number. The lots were bid in by the plaintiff for the full amount found to be due by the foreclosure decree.

Sometime subsequently Mrs. Bennett proceeded to move the two houses in question from the lots on which they were built to two other lots owned by her, and in which the plaintiff had no interest, and was about to affix the houses to the latter lots when stayed by the commencement of the present action.

It is at once apparent that if the plaintiff be entitled to recover, it must be upon the theory that the houses in question were subject to the mortgage lien. It is also apparent that if such lien existed, it was because of one or the other of two alternatives. One is that the property actually owned and mortgaged by the Bennetts was the lots as originally platted and staked and actually located by the parties to the mortgage upon the ground, in which case the houses were built upon the mortgaged land and became a part of the realty and as such were subject to the lien of the mortgage. This is probably the true view of the situation. The other alternative is that by mistake the houses were built on the wrong property, and that because of this mistake, and because of the intention and understanding that the houses would be built on the mortgaged lots and thereby become subject to the mortgage lien, the lien of the mortgage would, as between the parties, be extended to include the houses although they were not actually a part of the mortgaged realty. Assuming that there was a lien in plaintiff's favor on one or the other of these theories, what is the effect of the partition and foreclosure decrees upon the rights of the parties?

[1] Assuming that the property mortgaged was the lots as originally platted, staked, and located on the ground, it

is apparent that the effect of the partition decree was to substitute other lots as the mortgage security. The effect of the decree was exactly the same as if the parties by proper releases and conveyances had made the substitution. There can be no question but that in such a case the mortgagee must look to the substituted property as his security, and of such substituted property the houses here were not a part. It may be that the parties did not realize the effect of the decree and that it was made under a mistake, so that it could have been reopened or set aside upon a proper showing and its effect in substituting other property for that actually mortgaged corrected. But such relief against the effect of the partition decree was not sought, there is no finding that the parties were not aware of and did not intend the very thing which the partition decree accomplished, that is, that substitution of lots according to the new survey for the lots as originally platted, staked, and located, and full effect must be given to the decree. Giving it effect means, as we have said, that the realty of which the houses were a part, assuming that such realty was subject to the mortgage, has been removed from under the mortgage and other property substituted for it, and the plaintiff has no right in the houses.

[2] On the other hand, assuming that the second alternative stated is the correct view of the original rights of the parties, then the situation was that the plaintiff owned a mortgage, the lien of which covered certain realty and also covered certain houses which were not a part of such realty, the lien of the mortgage extending to the houses nevertheless because of the mistake in their location. In this situation the plaintiff brought suit to foreclose, obtained a decree foreclosing on the mortgaged realty alone, and bought it in for the full amount due. It is at once apparent that by the omission of the houses from foreclosure and sale they were released from the mortgage. There is no difference whatever between such a case and one wherein different pieces of realty are subject to mortgage, and a foreclosure is had which omits one of the pieces. [3] The rule is well established and hardly admits of question that in such a case the omitted parcel is released, or perhaps more accurately, is discharged of the mortgage. (*Mascarel* v. *Raffour,* 51 Cal. 242; *Mitchell* v. *Amador Canal Co.,* 75 Cal. 464,

479, [17 Pac. 246]; *Hall* v. *Arnott*, 80 Cal. 348, [22 Pac. 200]; *Stockton etc. Co.* v. *Harrold*, 127 Cal. 612, [60 Pac. 165].)

[4] Here, again, if the omission of the houses from the foreclosure was by mistake occurring under such circumstances as to entitle the plaintiff to relief, such relief could be had only by reopening or setting aside the foreclosure decree by suitable proceedings. This has not been done, there is no showing here upon which it could be done, and the foreclosure decree must be given its full effect. That effect was to release or discharge the houses from the mortgaged lien, if the fact be that they were not a part of the mortgaged realty. It follows that upon either alternative upon which the plaintiff could have a lien upon the houses, such lien, and with it every right of the plaintiff in the houses, has been lost.

Judgment reversed with directions to enter judgment for the defendants upon the findings.

Lawlor, J., and Shaw, J., concurred.