NEW-YORK PRACTICE REPORTS. 337

Akin agt. The Albany Northern Railroad Co. and others.

———◄•••►———

## SUPREME COURT.

Justus H. Akin agt. The Albany Northern Railroad
Company, Chauncey Vibbard and others.

Where the plaintiff commenced his action for a specific performance against one
of the defendants, who appeared and answered, and after joining issue, and
before the trial which had been noticed, the plaintiff, upon application to the
court upon notice, obtained an order adding three other persons as parties de-
fendants, and that the pleadings and proceedings be amended by adding said
three persons as parties defendants, and that the plaintiff have liberty to amend
his complaint by inserting therein the necessary allegations to connect the
said parties defendants with the cause of action, and without service of a copy
of the order, or of a copy of the summons, or complaint, or without further
notice to the defendants, the plaintiff obtained judgment against all the de-
fendants by default,

*Held,* that the plaintiff's proceedings and judgment should be set aside with
costs—he was all wrong. There is no way of bringing a party into court, and
within its jurisdiction, against his will, but by the service of process.

*Albany Special Term, Aug.,* 1856.

Motion to set aside judgment for irregularity.

The action was brought to obtain a specific performance.
The suit was originally commenced against the Albany North-
ern Railroad Company as sole defendant. The plaintiff alleged
in his complaint that, on the 23d of July, 1852, he conveyed
to the defendant a right of way over his land for the track of
its road; and that, in and by the conveyance, the defendant
covenanted and agreed to construct and maintain, over its road,
certain crossings for the use of the plaintiff; and, although the
defendant had accepted the conveyance and taken possession
of the road, the crossings had not been constructed. The de-

Vol. XIV.                22

fendant appeared and put in an answer, and on the 25th of March, the issue was noticed for trial at a special term to be held on the 14th of April.   On the *first* of April the plaintiff, upon due notice, obtained an order that Chauncey Vibbard, John L. Schoolcraft and Andrew White, who had been appointed receivers of the Albany Northern Railroad Company, be added as parties defendants, and that the pleadings and proceedings be amended by adding said receivers as parties, and that the plaintiff have liberty to amend his complaint by inserting therein the necessary allegations to connect the said parties defendants with the cause of action set forth in the complaint. The receivers were not served with a copy of the order, or with a summons or complaint, but without further notice the plaintiff proceeded, on the 25th of April, to take judgment against all the defendants by default.

The judgment requires the Northern Railroad Company to construct the specified crossings within sixty days after being served with a copy of the judgment, and also requires the defendants Chauncey Vibbard and others to pay to the plaintiff $250 damages, and $123.96 costs, out of any moneys that may have come to their hands, or might thereafter come to their hands, as receivers of the Northern Railroad Company.

A copy of this judgment was served upon all the parties.

The defendants moved to set aside the judgment.   All the defendants joined in the motion.   The plaintiff also moved at the same time for a writ of assistance, or such other order, writ or process as the court might see fit to grant, to compel the defendants to execute the judgment.

G. VAN SANTVOORD, *for plaintiff.*

JOHN H. REYNOLDS and O. MEADS, *for defendants.*

HARRIS, Justice.   " Civil actions, in the courts of record of this state, shall be commenced by the service of a summons." This is the mandate of the legislature ; and I know of no other mode of bringing a party into court against his will.   Until served with process, the court has no jurisdiction over him :

and yet, in this case, we have three persons made defendants in an action, and that action brought to trial, and final judgment rendered against them, without service of process, or any other notice except that an application would be.made for leave to sue them.

The record of the judgment presents the anomaly of a suit commenced against one defendant, a complaint against the same defendant, and then a final judgment against three persons who are strangers to the pleadings : their names appear for the first time in the judgment. It needs but to state the facts to show that the proceedings cannot be upheld.

Nor was the plaintiff in a situation to proceed to trial upon the issue already joined. Having obtained leave to amend the complaint, he was required to serve a copy of the amended complaint upon all the defendants. The effect of amending was, to strike out the issue that had been joined. It was the right of the defendant, who had already answered, to put in a new answer to the amended complaint. (*See Ward* agt. *Dewey,* 12 *How.* 193.)

The motion to set aside the judgment must be granted, and the plaintiff's motion denied. The plaintiff should be charged with the costs of one motion.