## PETER VAN MAREN AND CONSTANTINA, HIS WIFE v. EMILY JOHNSON AND LEVI, HER HUSBAND.

In an action by the wife for money, which, when recovered, will be her separate property, subject to the management and control of the husband, he is properly joined with her as plaintiff.

In the exceptional cases mentioned in sec. 7 of the Practice Act, the statute is not obligatory on the wife to sue or defend alone; it confers only a privilege which in many cases it may be important for her to assert for the protection of her interests, and in the exercise of which the fullest liberty should be accorded her. When the action concerns her separate property, and is not between herself and husband, she may sue with or without him.

Where suit is brought against a female, who subsequently marries, her husband must be made co-defendant. But this should be done, and an averment of the marriage be made, by a supplemental complaint, and not by an amendment to the original.

If the husband be made a party at the trial, upon suggestion of the marriage, in open Court with the consent of all parties, by an order of Court, and the complaint is then and there amended by simply inserting the names of the husband and wife in place of the female defendant alone, and they then file an answer, it cannot be for the first time objected in the Supreme Court, that a supplemental complaint should have been filed.

Nor is it any objection in such case that, after the amendment of the complaint, the suit was against defendants jointly, while the evidence failed to show any cause of action against the husband. The action being for services rendered the defendant, wife, previous to her marriage, the liability of the common property of the defendants, and the necessity of making the husband a party, arise from the subsequent marriage; and as the orders and proceedings of the Court, however informal and irregular, show the true facts of the case, the judgment will be a bar to any future action against the defendants for the same cause.

Facts which occur subsequent to the filing of the original complaint, and which change the liabilities of the defendants, and in consequence the character of the judgment which is sought, cannot be incorporated into the original complaint by an amendment, without presenting averments inconsistent with the date of the commencement of the action.

In suit against husband and wife for services rendered by plaintiff to the wife before her marriage, judgment may be entered against both defendants, with a direction that it be enforced only against the separate property of the wife, and the common property of both.

The title of the common property is in the husband, and he can dispose of the same absolutely, as if it were his own separate property. The interest of the wife is a mere expectancy, like the interest which an heir may possess in the property of his ancestor.

The common law constitutes the basis of our jurisprudence, and rights and liabilities must be determined in accordance with its principles, except so far as they are modified by statute.

Van Maren *v.* Johnson.

By the common law the husband, during coverture, is liable for the debts of the wife contracted *dum sola*. Our statute modifies this law in two respects: it renders the separate property of the wife liable, and exempts the separate property of the husband. Beyond this exemption of his separate property, the liability of the husband exists—that is, he is liable to the extent of the common property.

The separate property of the wife, and the common property of both husband and wife, are equally liable for the debts of the wife contracted previous to her marriage, and judgments recovered for such debts may be enforced against either class or both classes of property indiscriminately.

APPEAL from the Sixth District.

While the jury were being empanneled, the attorney of defendant, Emily, suggested that she had married Johnson since issue joined. Accordingly an order was entered thus : "On motion of counsel for plaintiffs, and by consent in open Court of counsel for defendant, ordered that Levi Johnson, the husband of defendant, be and he is hereby made a party defendant to this cause, when said defendant comes and enters his appearance and files his answer in said cause."

Then appears this entry : "Whereupon, by consent of parties had in open Court, the complaint in said action was amended as follows."

The amendment consists simply of a statement, signed by plaintiffs' attorney, that the marriage having been suggested, by consent, etc., "the complaint is amended by inserting the names of Levi Johnson and Emily Johnson, his wife, as defendants, in lieu of Emily Wilson, wherever the name of defendant occurs therein."

The defendant then, by consent, amended her answer so as to admit the marriage set up, consents to plaintiffs' amendment, and denies generally the allegations of the complaint, in addition to the answer previously filed by Emily. This was signed by H. & L. as "attorneys for defendants."

The case was then tried ; verdict for plaintiffs, and judgment as stated in the opinion of the Court.

*Hereford & Long,* for Appellants.

I. The husband is not answerable for the debts of the wife contracted *dum sola*. The reason why he was so answerable at common law was, that the husband and wife are one, and as he received her personal property he was compelled to pay her debts. But this is not the case under our statute. "The existence of the wife is not merged in that of the husband, * * * especially so far as rights of property

are concerned." (*Wood* v. *Wheeler*, 7 Texas, 20.)    And as the reason of the rule has ceased, the rule itself should cease.    (*Howard v. North*, 5 Texas, 301; *Nash* v. *George*, 6 Id. 237; *Callahan* v. *Patterson*, 4 Id. 66, 67.)

II.    The wife has no certain vested interest in the common property until after dissolution of the community. (*Guice* v. *Lawrence*, 2 La. Ann. 226: 3 Id. 615.)    Her creditors can have no greater interest. The common property belongs absolutely to the husband, (Wood's Dig. 488, art. 2,612) and his control over it cannot be interfered with by an execution against the wife.    Besides, the statute (Wood's Dig. 488, art. 2,616) points out the separate property of the wife as liable for her ante-nuptial debts, and expressly exempts the separate property of the husband.

III.    The complaint sets out a joint promise and joint liability, which are not sustained by the proof.    The amended complaint states that the services were performed for the defendants.    The judgment, therefore, cannot stand.

*C. A. Johnson*, for Respondents.

The judgment is rightly against the community property. (*Parker* v. *Portis*, 14 Texas, 166–169; Wood's Dig. art. 2,616.)    Our statute only exempts the separate property of the husband in such cases, and leaves the common law rule to govern as to community property.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action brought for services rendered by the plaintiff Constantina, previous to her marriage with Van Maren, to the defendant Emily, previous to the latter's marriage with Johnson.    The intermarriage of the plaintiffs transpired before the institution of the action, and the intermarriage of the defendants during its pendency.

We are clear that the action is rightfully brought in the name of the plaintiffs.    Though the proceeds, which may be received from the judgment, will constitute the separate property of the wife, yet the control and management of the same will devolve, under the statute, upon the husband.    He will be entitled to take immediate possession of the same, and for that reason, if for no other, was properly united with her as a party.

The statute provides that when a married woman is a party, her

husband shall be joined with her, except in certain specified cases. (Prac. Act, sec. 7.)   In those exceptional cases, the statute is not obligatory upon the wife to sue or defend alone; it confers only a privilege which, in many instances, it may be important for her to assert for the protection of her interests, and in the exercise of which, the fullest liberty should be accorded to her.   When the action concerns her separate property, and is not between herself and husband, she may seek the aid of the Court in company with him or without him.

The intermarriage of the defendants was suggested by the counsel of the defendant, Emily, and upon their motion, her husband was made a co-defendant.   This proceeding was proper, and indeed, necessary; but the husband should have been brought in, and the averment of the marriage should have been made by a supplemental complaint, and not by an amendment to the original.   Facts which occur subsequent to the filing of the original complaint, and which change the liabilities of the defendants, and in consequence, the character of the judgment which is sought, cannot be incorporated into the original complaint by an amendment, without presenting averments inconsistent with the date of the commencement of the action.   No objection, however, is taken on that ground in the present case, and the matter is only alluded to because the practice is one of frequent occurrence, and ought not to be followed.

The judgment was rendered against both defendants, the husband and wife, with a direction that it be enforced only against the separate property of the wife, and the common property of both.   The objection taken is the subjection, which the judgment authorizes, of the common property to its payment.   The statute in terms provides, that the separate property of the wife shall be liable for her debts contracted previous to the marriage, and at the same time, that the separate property of the husband shall not be thus liable.   It is silent as to the liability of the common property for such debts, and also as to the liability of that property for the previous debts of the husband.   Yet the common property is not beyond the reach of the husband's creditors existing at the date of the marriage, and the reason is obvious; the title to that property rests in the husband.   He can dispose of the same absolutely, as if it were his own separate property.   The interest of the wife is a mere expectancy, like the interest which an heir may possess in the property of his ancestor.   (*Guice* v. *Lawrence*, 2 La. Ann. 226.)   The objection must then be solved by considerations aris-

ing from the rule of the common law. That law constitutes the basis of our jurisprudence, and rights and liabilities must be determined in accordance with its principles, except so far as they are modified by statute. By the common law, the husband, during the coverture, is liable for the debts of the wife contracted *dum sola*. The statute modifies this law in two respects; it renders the separate property of the wife liable, and exempts the separate property of the husband. (*Vanderheyden* v. *Mallory*, 1 Coms. 472.) Beyond this exemption of his separate property, the liability of the husband exists—that is to say— he is liable to the extent of the common property. It matters not what was the origin of the common law doctrine; its rule is settled and exists independent of the grounds upon which it originally rested. (See Reeves' Domestic Relations, 2.) The liability of the husband being restricted under the statute, the judgment in its direction was correct, and must be affirmed.

So ordered.

On petition for rehearing, defendants' counsel made the point that, even if the common property be liable for the debts of the wife contracted before marriage, still the judgment ought to have directed that recourse first be had against her separate property, and in case of deficiency, then against the common property; and that the creditors of the community were entitled to preference out of the community property.

On such petition, FIELD, C. J. delivered the opinion of the Court— BALDWIN, J. concurring.

The petition for a rehearing is denied. The husband, as we have stated in our opinion, should have been brought in, and the averment of the marriage of the defendants, since issue joined, should have been made by a supplemental complaint, and not by an amendment to the original. No objection, however, was interposed on this ground at the trial; but on the contrary, the proceeding was taken by the consent of all parties in open Court, immediately upon the suggestion of the marriage.

The objection that the suit, after amendment of the complaint, was against the defendants jointly, and the evidence failed to establish any cause of action against the defendant, Levi Johnson, is not well taken. The action is for services rendered by the plaintiff, Constantina, before

her marriage with Van Maren, to the defendant, Emily, before the latter's marriage with Johnson; and the liability of the common property of the defendants, and the necessity of making Johnson a party, arise from the subsequent marriage. The orders and proceedings of the Court, however informal and irregular, show the true facts of the case, and the judgment will be a bar to any future action against the defendants for the same cause.

The separate property of the wife, and the common property of both husband and wife, are equally liable for the debts of the wife contracted previous to her marriage, and judgments recovered for such debts may be enforced against either class or both classes of property indiscriminately.

Rehearing denied.