## No. 9230.

### THE STATE EX REL. A. T. STEVENSON VS. E. A. BURKE, TREASURER.

When no issue has been joined either by a default judgment or answer filed and no proof has been offered, and when in addition to these defects an amended petition has been filed and has not been served but the judgment is rendered as prayed therein, it must of necessity be reversed.

State ex rel. Stevenson vs. Burke.

APPEAL from the Seventeenth District Court for the Parish of East Baton Rouge.   *Sherburne,* J.

*Reed & Goodale* for Plaintiff and Appellee.

*M. J. Cunningham,* Attorney General, for the State, Intervenor and Appellant.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J.   A judgment having been rendered for the relator, the Attorney General appealed on behalf of the State, and the relator moves to dismiss it.

The whole trial was out of term and the complaint is that the appeal is not taken by petition and citation—in other words that the judge was competent to sit, try the case, and give judgment out of term but was not competent to grant an order of appeal therefrom.   The appeal was properly taken.   Suc. Berfuse, 34 Ann. 600.   The motion is denied.

## ON MOTION FOR A CERTIORARI.

It must be refused because even if the missing documents were supplied, the irregularities presently to be noted are so great that an affirmation of the judgment is impossible.

Motion refused.

On April 12, 1884, the relator alleging that he is the holder of Auditor's warrants amounting to $28,436.85 payable out of School and General Fund taxes and licenses due the State prior to 1880, obtained from the District Judge of East Baton Rouge a mandamus to the State Treasurer to pay them or shew cause why he should not.   It was made returnable on the 19th. of the same month and service was made on a clerk of the Treasurer at the Capitol.   On the 25th. the relator filed an amended petition alleging that there were large unappropriated balances in the Treasury to the credit of the General Fund of 1880 and succeeding years sufficient to pay the outstanding warrants of the State for past years, and prayed that the Treasurer be ordered to pay the relator's warrants out of the general and school funds of 1879 and out of any unappropriated balances to the credit of the general fund of 1880, 1881 and 1882.

No service whatever was made of this amended petition and the Treasurer took no notice of either and made no appearance in the cause.

On the same day, and to all appearance simultaneous with the filing of this amended petition, no evidence having been introduced, a judgment was signed making the mandamus peremptory and ordering the Treasurer to pay the full amount claimed out of the funds specified in the original and amended petitions. All this was done in chambers.

On May 2d. the Attorney General (hearing he says of these proceedings by accident) took this appeal from the judgment on the part of the State alleging that she is the real party in interest.

We do not find it necessary to go into the questions discussed in the Attorney General's brief. Every step in the matter has been so gross a violation of the mode of procedure that the judgment cannot stand.

No issue was joined with any one. There was no default on the original petition, no service of the amended one, no answer filed, no proof offered. The judgment followed immediately on the filing of the amended petition. There are fifty seven pages of lists of warrants annexed to the petition for reference, drawn in favor of numerous persons, but not offered in evidence, nor is the relator connected with them in any way except by his mere allegation that he owns them. There is no note of evidence nor any statement or suggestion anywhere in the record of proof having been offered save the usual recital in the judgment.

A judgment thus rendered must be set aside.

It is therefore ordered and decreed that judgment of the lower court is avoided and reversed and the mandamus is refused at the relator's costs without prejudice to his claim if any he has.