The plaintiff should recover his costs of this action.

Judgment for plaintiff, with costs.

---

MICHAEL J. CALLANAN, for Himself and Other Stockholders, Plaintiff, v. THE KEESEVILLE, AUSABLE CHASM, LAKE CHAMPLAIN RAILROAD Co. et al., Defendants.

(Supreme Court, St. Lawrence Special Term, 1905.)

Parties — Bringing in new parties — What parties should be brought in — Code of Civil Procedure, § 452.

The provision of section 452 of the Code of Civil Procedure that where a complete determination of a controversy in suit, cannot be had without the presence of other parties, the court must direct them to be brought in, is properly construed as requiring only such parties to be brought in, who would have been, by reason of their interest, either proper or necessary parties at the time the suit was brought.

Where in an action to set aside a contract between a railroad company and certain of the defendants and to cancel stock and bonds claimed to have been illegally issued by them while controlling the company and, if the stock and bonds have been transferred so that they cannot be reached, to recover the value thereof from other defendants, father and son, who were bankers under a firm name, the complaint alleges that a certain amount of illegal stock was transferred to said firm and by it transferred to another of the defendants, for the purpose of carrying out the illegal designs of those defendants who had made the contract with the railroad company and to prevent the following up and canceling of said stock, and it is conceded that any interest which the banking firm had in the stock was transferred prior to the commencement of the action, the estate of one of the members, since deceased, of said firm, has no legal interest in the subject-matter of the litigation and his executors are not entitled to be made parties defendant in his place, upon a claim of absolute right to intervene under

the mandatory provisions of section 452 of the Code of Civil Procedure, as any act claimed to have been done by, or any liability claimed against the deceased, arises from the partnership transactions of his firm, and the solvent surviving partner, and not the representatives of the deceased partner, has control and management of the partnership affairs and litigation.

The executors of said deceased defendant, in order to become parties, must seek their rights under the provisions of the Code relating to proceedings in an action after the death of a party. (Code Civ. Pro., § 755 et seq.)

ACTION to set aside a contract.

Weed, Conway & Cotter, for plaintiff.

John L. Hill, for petitioners.

KELLOGG, JOHN M., J. The executors of Nathaniel B. Powers, a deceased defendant, seek to be made parties defendant in his place, claiming an absolute right to intervene under section 452 of the Code of Civil Procedure. The action is to set aside a contract between the railroad company and Joseph A. Powers and Walter H. Mansfield, and to cancel stock and bonds claimed to have been illegally issued by them while controlling the company, and, if the stock and bonds have been transferred so that they cannot be reached, to recover the value thereof from the defendants who collusively disposed of them. The defendants, Nathaniel B. Powers and Albert E. Powers, were bankers, under the name of D. Powers & Son, and the complaint alleges that a certain amount of illegal stock was transferred to the firm and, by it, transferred to the defendants, the Powers & Mansfield Company, for the purpose of carrying out the illegal designs of Joseph A. Powers and the said Mansfield, and to prevent the following up and canceling of said stock. Both members of the firm of D. Powers & Son answer the original complaint by the same attorney. Nathaniel B. Powers died July 8, 1905, and his will was probated July 18, 1905. An amended and supplemental complaint was served in August, 1905, but the death of the said Nathaniel B. Powers was not mentioned or referred to therein. The surviving partner

answered the latter complaint by the same attorney who appeared for both members of the firm and by the same attorney who makes this motion in behalf of the executors. Various motions have been made in this case, without referring to the death of said defendant; and the last motion before this court was at the September Special Term, here, when an order was made upon the theory that the defendants were anxious for immediate trial at the Clinton County Term to begin November thirteenth, and that both parties were ready and intended to try this case at that time. It is conceded upon the argument that any interest which D. Powers & Company had in the stock of the railroad company, as alleged in the complaint, was transferred by the firm before action brought. The moving papers allege that the estate owns an undivided half interest in certain bonds which are sought to be canceled in this action. It is not alleged whether the estate acquired said bonds before or after action brought, nor how it became such owner; but it is conceded upon the argument that the bonds belonged to the copartnership. The statement in the moving affidavit that the estate owns a half interest in said bonds is, therefore, a mere conclusion of law; for the title to the bonds is in the surviving partner and the estate has no legal interest therein until the partnership affairs are closed, and its interest is then in the net proceeds of the firm business. Russell v. McCall, 141 N. Y. 437.

It is a mistake to assume that this case comes within section 452 of the Code of Civil Procedure. That section refers to interested persons who were not made parties at the time the action was brought and who ask to intervene. Earle v. Hart, 20 Hun, 75; Griswold v. Caldwell, 14 Misc. Rep. 299. If Nathaniel B. Powers had not been made a party and had desired to intervene, that section of the Code would define his right. But he was made a party and has since died; and his estate, in order to become a party, must seek its rights under the provisions of the Code providing for proceedings in an action after the death of a party. Title IV of chapter 8 of the Code of Civil Procedure, entitled, " Proceedings upon the death or disability of a party or the trans-

fer of his interest," seems to contain the provisions of the Code applicable to this case; and section 756 allows the action to proceed with the parties still living, unless the court directs others to be brought in. That section seems to leave it in the discretion of the court whether to bring in representatives of the deceased party or not. In this case I cannot see that the executors can force themselves upon the plaintiff as a party and thus delay the trial of the action. Any act claimed to have been done by, or any liability claimed against, the deceased, arises from the partnership transactions of his firm; and the surviving partner, and not his estate, has control and management of the partnership affairs and litigation. If the partner had died before action brought, it manifestly would have been improper to make his estate a party to the action. It could only be made a party by alleging the insolvency of the surviving partner, which is not claimed here. Pope v. Cole, 55 N. Y. 124; Potts v. Dounce, 173 id. 335; Merrill v. Blanchard, 7 App. Div. 167, affd. 158 N. Y. 682. And he could only be made a party, at his request, upon showing that the surviving partner was false to his trust, misrepresenting the firm, or treacherous to the interests of the decedent.

The members of the firm were father and son; and it does not appear who are the next of kin of the deceased, or whether the survivor may not, in fact, become entitled to his estate through his will or the Statute of Distributions. In any event, there is nothing to show any conflict of interest between the surviving partner and the estate of the deceased partner. And the history of the case seems to show no want of harmony, no mismanagement of the case and no prejudice to the estate from the proceedings already had. The granting of the order admitting the estate as a party without terms, necessarily puts the case over the Trial Term just as fully as though that was the real object for making the motion. Important proceedings have been had, to the knowledge of the attorney making the motion, who is the attorney of the estate, and ample time has expired in which to make this motion; and, whether we consider it a motion for substitution or intervention, it might be well denied

upon the ground of laches and that the real effect of it would be to deprive the plaintiff of a trial at the approaching term which, up to this time, has been conceded to him. Mason v. Sanford, 137 N. Y. 497.

The mandatory provisions of section 452 can do the estate no good on this motion. The estate has no legal interest in the subject matter of the litigation. The stock having been sold by the firm, the only claim against the defendants outlined in the complaint is for damages; and, in an action for damages, intervention cannot be required under this section of the Code. Bauer v. Dewey, 166 N. Y. 402. No judgment here can bind the estate; and, while the moving papers show the ownership of some of the bonds in question, (whether acquired before or after suit brought does not appear) the title to the bonds and the duty of protecting them rest solely with the surviving partner. Russell v. McCall, 141 N. Y. 437.

" He had the legal title to the assets and he held them as the legal owner, and not as trustee, in the strict sense of that term. In equity, however, he was to be regarded to some extent as a trustee, and his duty was to pay the debts and dispose of the assets of the partnership for the benefit of himself and the estate of the deceased partner.  *  *  * The position is somewhat anomalous, not exactly and wholly a trustee, and yet not a full owner of the assets which he takes or retains possession of by reason of survivorship. The duties spoken of, he owes the estate of the deceased partner; and when, instead of gathering in the assets, paying the debts, winding up the business and distributing the surplus, he misappropriates the same and converts them to his own use and that of others with him, he is so far guilty of a breach of trust that a court of equity will, when called upon, intervene and give appropriate relief. Russell v. McCall, *supra,* 447.

It cannot be that every next of kin can force himself into a law suit in which the estate is interested, or that every *cestui que trust* can insist that he be made a party in every action in which the trust estate is interested. If that were so, there would be no end to litigation and no day for judg

ment.   The trustee is the party legally interested and the party charged by the law with the protection of the interests of all concerned; and, while he is acting intelligently and honestly and for the best interest of the trust, he cannot be controlled or dictated to, or his conduct of the litigation relating to the trust questioned.   If he is not so acting, the court has power to allow the parties beneficially interested to be brought in, so that it may direct and control the trustee, if he seeks to improperly prejudice or sacrifice their interests.   We have seen that an action cannot be brought against the surviving partner of the estate of the deceased partner on account of partnership transactions, without showing the insolvency of the survivor.   The estate, therefore, is not a necessary party; and section 452 is properly construed as requiring parties to be brought in who, if their interests were known, were either proper or necessary parties at the time of suit brought.   " The test as to who is a necessary party has often been applied by determining whether, if made a party, he could demur successfully on the ground of no cause of action; because if he could, it would be seldom, if ever, proper to compel the plaintiff to add such a person as a party defendant."   Lewisohn Bros. v. Anaconda Copper Co., 29 App. Div. 552–554.   It would at least be a strange situation to sustain a demurrer because a person was improperly made a party and then, afterwards, to compel him to be made a party under section 452.   The estate, therefore, has no absolute legal right to intervene or be substituted as a party in this case; but, as suggested upon the argument and consented to by the plaintiff's attorney, it may be made a defendant and may answer; providing its answer is served on or before Friday of this week, and that this order and such answer shall not be used as a means of preventing the trial of the case at the approaching term.

Ordered accordingly.