Fermina Isabel Anaud-Blanco, Appellant, v. District Court of San Juan et al., Respondents.

No. 515. Argued April 26, 1926.—Decided July 24, 1926.

*Manuel Tous Soto* for the petitioner. *A. R. de Jesús* for the respondents.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff moved for leave to file a second amended complaint upon grounds stated as follows:

"First.—That this case involves the nullity of a suit prosecuted by defendant José Martínez González against the plaintiff herein, and that according to the record a certain amendment was made to the original complaint after the same had been filed.

"Second.—That thereafter the complaint was again amended, but for the sole purpose of having Eladio Yenderrozo joined as a defendant, and this was done because of an act performed by the other defendant, José Martínez González, without any intervention of the plaintiff and without her knowledge.

"Third.—That both amendments mentioned were made when the party defendant had not as yet been notified and without a substantial change of the cause of action, limiting the effect of the amendment to the joinder of a new party defendant by reason of an occurrence subsequent to the filing of the suit.

"Fourth.—That after the filing of the second amended complaint Yenderrozo sold the property affected by the litigation to Ignacio Cabo Rodríguez, who is in possession of the same and who is now a necessary party for the determination of the question herein.

"That the facts outlined appear from the record of the case, and this petition is based on sections 139 and 140 of the Code of Civil Procedure."

The court granted this motion, but later, at the instance of defendants, ordered that the amended pleading be stricken from the files, basing the action so taken upon the following statement:

"In Kerr's Cyclopedic Codes of California (3), page 450, we find the following:

" 'Where facts occur after filing of pleading or third party becomes interested and necessary party by reason thereof, as purchase of interest *pendente lite,* or marriage of female defendant, he should be brought in by supplemental pleading. *Van Maren* v. *Johnson,* 15 Cal. 308, 311. . .

" 'But simply ordering new parties brought in, or inserting necessary facts in pleadings and their names as parties, does not give court jurisdiction over them. As to them it is new action. Their names must be inserted in summons and process served on them same as in original suit, unless they voluntarily appear. *State ex rel. Stevenson* v. *Burke,* 37 La. Ann. 231; *Akin* v. *Albany & N. R. Co.,* 14 How. Pr. 337 (N. Y.).' "

Plaintiff's position in this particular case was so plausibly presented in her petition for a writ of certiorari that the writ was allowed to issue. The memorandum of authorities submitted in support of plaintiff's theories, however, is not so persuasive as was the petition itself or the oral argument at the hearing.

Petitioner concedes that the new parties sought to be brought in must be cited, but insists that the district court attached undue importance to the necessity for a resort to further process.

We quite agree with petitioner that the necessity for the issuance of a new summons in the case of defendants who were necessary parties at the time of filing the original complaint would not justify the conclusion that said parties could not be brought in by amendment. As to such parties the cause of action existed at the time the suit was commenced, but as to proposed new parties, who have acquired from the original defendant *pendente lite* an interest in the subject matter or property in controversy, the cause of ac-

tion accrues at the time of such acquisition or subsequently thereto. In the instant case, for example, limitation of the action against such subsequent purchasers would begin to run from the respective dates upon which the deeds in question were executed or from the date upon which the fact of such transfer came to the knowledge of plaintiff.

Petitioner also asserts that the case of *Van Maren* v. *Johnson, supra,* was overruled by the later case of *Newhall* v. *Bank of Livermore,* 136 Cal. 533, 535, 69 Pac. Rep. 248, but, in the absence of any explanation or statement of the process of reasoning by which this conclusion is reached, we need not attempt at this time to distinguish the case last mentioned or to show that the rule in California is unchanged.

Petitioner further insists that the procedure adopted by her has the endorsement of decisions in Illinois, Massachusetts, Mississippi, New Hampshire, New York, North Carolina and Oregon, as indicated in volume 3 of Kerr's Cyclopedic Codes of California (2nd Ed.), Code of Civil Procedure, part I, sec. 389, page 688, note 51, New Parties—As to adding—Procedure for bringing in—By amendment to Pleading.

There is nothing in the note referred to to indicate the existence of any exception to the general rule as stated, and petitioner seems to have assumed without examination of the cases cited that they go to the extent now claimed for them. At least none of the cases in question are analyzed, discussed or even directly cited in the memorandum above mentioned. Nor do we have access to all of them, but from a cursory reading of those found upon our shelves we are persuaded that they do not warrant the conclusion drawn by petitioner from the broad statement of the general rule contained in the note, *supra,* to section 389 of the California Code of Civil Procedure. See *White* v. *Johnson,* 50 Am.

St. Rep. 726; *Matteson* v. *Wagoner,* 147 Cal. Rep. 739; *Callaman* v. *Keeseville, etc., R. R. Co.,* 48 Misc. 476; *Griswold* v. *Caldwell,* 14 Misc. 299.

The writ will be annulled.