FERMINA ISABEL ANAUD VIUDA DE BLANCO, recurrente, *v.* HON. MIGUEL A. MUÑOZ, JUEZ DE LA CORTE DE DISTRITO DE SAN JUAN, recurrido. JOSÉ MARTÍNEZ GONZÁLEZ, ELADIO YENDERROZO E IGNACIO CABO RODRÍGUEZ, demandados.

No. 515.—*Visto:* Abril 26, 1926. *Resuelto:* Julio 24, 1926.

PARTES—NUEVAS PARTES Y CAMBIO DE PARTES—DE LAS NUEVAS PARTES—MODOS DE TRAERLAS AL PLEITO—COMPRADORES *Pendente Lite* DE LA PROPIEDAD EN CONTROVERSIA.—Cuando personas adquieren del demandado original *pendente lite* un interés en la cuestión en litigio o en la propiedad en controversia, la causa de acción contra ellos surge al tiempo de tal adquisición o posteriormente, y para ser traídos al pleito, deben serlo mediante una alegación suplementaria, debiendo incluirse sus nombres en el emplazamiento y notificárseles lo mismo que en el caso original, a menos que comparezcan voluntariamente.

CERTIORARI para revisar orden de *Miguel A. Muñoz*, J. (San Juan), por la cual, y a instancia de los demandados, ordenó una demanda enmendada fuera eliminada de los autos del caso. *Anulado el auto expedido.*

*M. Tous Soto,* abogado del peticionario; *A. R. de Jesús,* abogado del demandado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La demandante solicitó permiso para radicar una segunda demanda enmendada basándose en los siguientes fundamentos:

"PRIMERO: Que en este caso se trata de la nulidad de un juicio seguido por el demandado José Martínez González contra la demandante compareciente y registrada la demanda original se introdujo en ella determinada enmienda, según aparece de autos.

"SEGUNDO: Que más tarde se enmendó nuevamente la demanda pero al solo objeto de adicionar como demandado al señor Eladio Yenderrozo y esto a virtud de acto realizado por el otro demandado José Martínez González, sin intervención alguna de la demandante y sin conocimiento previo de ella.

"TERCERO: Que tanto una como otra de dichas enmiendas se llevaron a efecto cuando aún no había sido notificada la parte demandada y sin que se variara sustancialmente la cáusa de acción, limitando el efecto de la enmienda a traer nueva parte demandada a virtud de hecho ocurrido con posterioridad a la iniciación del litigio.

"CUARTO: Que después de radicada la segunda demanda enmendada, el señor Yenderrozo vendió la finca afectada por el litigio al señor Ignacio Cabo Rodríguez, quien se encuentra en posesión de la misma y resulta ahora una parte necesaria para la resolución de esta cuestión.

"Que los hechos relacionados constan de los autos del caso y esta petición se basa en los artículos 139 y 140 del Código de Enjuiciamiento Civil."

La corte declaró con lugar esta moción pero posteriormente, a instancias de los demandados, ordenó que la demanda enmendada fuera eliminada de los autos basándose su actuación en lo siguiente:

"Dice Kerr en Cyclopedic Codes of California, (3), pág. 450, lo que sigue:

" 'Cuando ocurren hechos después de radicarse una alegación o

un tercero resulta estar interesado y en consecuencia es una parte necesaria, como por ejemplo compra de cierto interés *pendente lite,* o matrimonio de una demandada, tal interesado debe incluirse mediante una alegación suplementaria.  *Van Maren* v. *Johnson,* 15 Cal. 308, 311.

" 'Pero ordenar simplemente que se incluyan nuevas partes, o insertar hechos necesarios en las alegaciones y sus nombres como partes, no da a la corte jurisdicción sobre ellas.  En lo que a ellas se refiere es una nueva acción.  Deben incluirse sus nombres en el emplazamiento y notificárseles lo mismo que en el caso original, a menos que comparezcan voluntariamente. *State ex rel. Stevenson* v. *Burke,* 37 La. Ann. 231, *Akin* v. *Albany & N. R. Co.,* 14 How. Pr. 337 (N. Y.)' '"

La posición de la demandante en este caso fué presentada tan plausiblemente en su petición para que se expidiera un auto de *certiorari,* que el auto fué expedido.  Sin embargo, el memorándum de autoridades sometido en apoyo de la teoría de la demandante no es tan convincente como lo era la petición misma o el argumento oral durante la vista.

La peticionaria admite que las nuevas partes que se desea incluir deben ser citadas, pero insiste en que la corte de distrito prestó importancia indebida a la necesidad de que se recurriera a otros procedimientos.

Estamos de acuerdo con la peticionaria en que la necesidad de expedir una nueva citación tratándose de demandados que eran partes necesarias al tiempo de radicarse la demanda original no justificaría la conclusión de que dichas partes no pueden ser incluídas por enmienda.  Respecto a tales partes la causa de acción existía al tiempo de comenzar el pleito pero en cuanto a supuestas nuevas partes que han adquirido del demandado original *pendente lite* un interés en la cuestión en litigio o en la propiedad en controversia la causa de acción surge al tiempo de tal adquisición o posteriormente.  En el presente caso, por ejemplo, la prescripción de la acción contra compradores subsiguientes empezaría a contarse desde las fechas respectivas en que se ejecutaron las

escrituras en cuestión, o desde la fecha en que el hecho de tal traspaso llegó al conocimiento de la demandante.

La peticionaria también sostiene que el caso de *Van Maren* v. *Johnson* fué revocado por el caso posterior de *Newhall* v. *Bank of Livermore,* 136 Cal. 533, 535; 69 Pac. Rep. 248, pero en ausencia de explicaciones o de una relación del razonamiento mediante el cual se llega a esta conclusión, no es necesario que tratemos por ahora de distinguir el caso mencionado últimamente, o de demostrar que la regla en California no ha sido alterada.

La peticionaria además insiste en que el procedimiento adoptado por ella tiene el endoso de las decisiones de Illinois, Massachusetts, Mississippi, New Hampshire, New York, North Carolina y Oregon, según se indica en el volumen 3 de Kerr's Cyclopedic Codes of California (2da. edición), Código de Enjuiciamiento Civil, Parte I, sec. 389, pág. 688, nota 51, Nuevas Partes—Para Adicionar—Procedimiento para incluir—Por enmiendas a la Alegación.

No hay nada en la nota a que se ha hecho referencia que indique la existencia de ninguna excepción a la regla general mencionada y la peticionaria parece asumir sin examinar los casos citados que llegan al extremo que ella alega. Por lo menos en el memorándum arriba citado no se analiza, discute o cita directamente ninguno de los casos en cuestión. Tampoco tenemos acceso a todos ellos pero de una lectura a la ligera de los que hemos encontrado en nuestros anaqueles estamos persuadidos que no justifican la conclusión a que ha llegado la peticionaria por la relación de la regla general contenida en la nota, *supra,* a la sección 389 del Código de Enjuiciamiento Civil de California. Véase *White* v. *Johnson,* 50 Am. St. Rep. 726; *Matteson* v. *Wagoner,* 147 Cal. Rep. 739; *Callaman* v. *Keeseville, etc., R. R. Co.,* 48 Misc. 476; *Griswold* v. *Caldwell,* 14 Misc. 299.

*Se anula el auto expedido.*