SUCRS. DE HUERTAS GONZÁLEZ, S. EN C. EN LIQUIDACIÓN, hoy FLORENTINO LONGO, demandantes y apelados, *v.* FAUSTINO DÍAZ y RAMONA BERMÚDEZ, ETC., demandados y apelantes.

Núm. 10249.—*Sometido:* Febrero 1, 1951. *Resuelto:* Mayo 22, 1951.

*L. Santiago Carmona,* abogado de los apelantes; *José C. Jusino,* abogado de los apelados.

El Juez Presidente Interino Señor Todd, Jr., emitió la opinión del tribunal.

En la demanda radicada en la Corte de Distrito de Bayamón por la mercantil Sucrs. de Huertas González S. en C. en Liquidación, se alega que Faustino Díaz Cruz y su esposa Ramona Bermúdez Robles, por escritura núm. 49 de 7 de octubre de 1922 otorgada ante el notario José C. Jusino, constituyeron hipoteca voluntaria para garantizar a la referida mercantil el pago de la suma de $520 de capital con intereses al 1 por ciento mensual a ocho años plazo, sobre una finca que se describe en la demanda y que ubica en el Barrio

Nuevo de Naranjito; que la mercantil Sucrs. de Huertas González radicó ante la Corte de Distrito de San Juan en mayo de 1927, bajo el civil núm. 4170 de dicha corte, un procedimiento ejecutivo hipotecario contra los deudores en cobro del mencionado crédito, alegándose además que en dicho procedimiento se dictó sentencia de remate ordenándose la venta de los bienes hipotecados, adjudicándose los mismos a la mercantil Sucrs. de Huertas González y otorgándose la escritura de venta de dichos bienes a su favor por el márshal de la corte. Se alegó además que los deudores se negaron a entregar la posesión material de la finca ejecutada y que habiendo advertido el acreedor hipotecario que en el mencionado ejecutivo se había cometido el error de requerir de pago a los deudores a través de una persona que no era el márshal, el procedimiento de ejecución de hipoteca llevado a cabo era y es nulo e inexistente.

Se alega que posteriormente falleció Faustino Díaz Cruz y son sus herederos los demandados y finalmente se solicitó que (a) se declarase nulo y sin ningún valor el procedimiento ejecutivo hipotecario que bajo el civil núm. 4170 se estableció en el año 1927 ante la Corte de Distrito de San Juan por la mercantil Sucrs. de Huertas González contra Faustino Díaz y Ramona Bermúdez, y (b) se condenase a la Sucesión de Faustino Díaz a pagar a la demandante la suma de $520 de capital con intereses al 12 por ciento anual convenidos en el contrato de hipoteca durante ocho anualidades a partir del 7 de octubre de 1922, más los intereses legales sobre esa misma suma a partir de la fecha en que expiraron las primeras ocho anualidades.

En su contestación, la parte demandada alegó como defensas, además de negar los hechos alegados en la demanda, que ésta no aduce hechos constitutivos de causa de acción; que la acción está prescrita; que la corte carecía de jurisdicción; que la hipoteca constituída por el causante de los demandados a favor de los demandantes no tenía existencia le-

gal porque fué ejecutada y cancelada en. el Registro de la Propiedad; que la acción debía ser considerada como cosa juzgada y que los demandantes estaban en *estoppel*.

Posteriormente se solicitó y obtuvo de la corte inferior que la parte demandante, Sucrs. Huertas González S. en C. en Liquidación, fuera sustituída por Florentino Longo, quien había obtenido por adjudicación el crédito hipotecario objeto de la acción.

Visto el caso, la corte a quo declaró con lugar la demanda y nulo el procedimiento ejecutivo hipotecario del caso civil núm. 4170 y condenó a los demandados a pagar al demandante cesionario Florentino Longo la suma de $520 más intereses al 12 por ciento anual a partir del 7 de octubre de 1922 por ocho años, y los intereses legales a partir de la fecha. en que expiraron las primeras ocho anualidades y hasta la ejecución de la sentencia, más las costas incluyendo la cantidad de $70 para honorarios de abogado. Se ordenó, además, que los bienes hipotecados fuesen rematados para satisfacer la sentencia.

Los demandados apelaron y en este recurso hacen un señalamiento de cinco errores. Solamente consideraremos los tres primeros, ya que los dos últimos carecen de méritos.

En primer término sostienen los apelantes que erró la corte al no declarar con lugar la defensa sobre cosa juzgada. No procedía. �049 La Corte de Distrito de San Juan actuó sin jurisdicción sobre los demandados en el ejecutivo hipotecario tramitado ante ella, ya que el requerimiento de pago hecho por persona particular y no por el márshal de la corte era nulo. *González Martínez* v. *Registrador*, 39 D.P.R. 835; *Pontón* v. *Sucrs. de Huertas González*, 42 D.P.R. 529; *Perales* v. *Corte*, 43 D.P.R. 902; *Sucn. Molina* v. *Soc. Protectora de Niños*, 61 D.P.R. 830. Como consecuencia también fué nula la venta judicial efectuada. *Ayala* v. *Flores*, 50 D.P.R. 873; *Ojeda* v. *Registrador*, 39 D.P.R. 239.

Además, el artículo 175 del Reglamento de la Ley Hipotecaria expresamente reconoce a las partes el derecho a acudir al juicio plenario en relación con sus reclamaciones por cualquier motivo contra lo actuado en el procedimiento sumario. Sostiene, con razón a nuestro juicio, el Dr. Muñoz Morales en sus Lecciones de Derecho Hipotecario, tomo II, pág. 250, que esta disposición "reconoce implícitamente el principio que la antigua ley procesal proclamó expresamente (art. 1477) *de que no producen excepción de cosa juzgada las sentencias dictadas en los juicios ejecutivos*, quedando a salvo su derecho a las partes para promover el declarativo sobre la misma cuestión." (Bastardillas nuestras.) No se cometió el primer error señalado.

▮▮▮▮ Por el segundo sostienen los apelantes que erró la corte a quo al declarar sin lugar la defensa de prescripción. (¹)

El señalamiento envuelve dos aspectos: (*a*) si la acción sobre nulidad del ejecutivo sumario está prescrita y, (*b*) si la acción hipotecaria está prescrita.

En cuanto al primer punto, tratándose de un caso en que la sentencia dictada dentro del procedimiento ejecutivo sumario resulta ser nula e inexistente por falta de jurisdicción sobre los deudores hipotecarios, no cabe término de prescripción para solicitar su nulidad. *González c. Sucn. Díaz*, 69 D.P.R. 643 y casos citados a la pág. 655. (¹ᵃ)

En cuanto a la acción hipotecaria, ésta prescribe, según el artículo 134 de la Ley Hipotecaria, a los veinte años "contados desde que pueda ejercitarse con arreglo al título inscrito". Concuerda este artículo con el 1864 del Código Civil. Arguyen los apelantes que vencida la deuda en 30 de junio de 1923, fecha en que de acuerdo con el título inscrito había de efectuarse el primer pago, la presente acción iniciada el 25 de

_____

(¹) La hipoteca se constituyó en el año 1922 y se proveyó que la deuda se pagaría a plazos anuales y que vencido un plazo se daría por vencida la deuda. Al no pagarse tres plazos se inició el ejecutivo sumario en 1927.

(¹ᵃ) Según fué modificado el párrafo por Resolución de junio 8, 1951.

septiembre de 1944 estaba prescrita. Sostiene el apelado, por el contrario, que la hipoteca venció el 30 de junio de 1930 por haber sido constituída en 1922 a ocho años plazo. No tiene razón el apelado.

En la cláusula tercera de la escritura sobre constitución de hipoteca se convino lo siguiente: "Es convenido que vencido un plazo y no satisfecho, se dará por vencida esta obligación, y será ejecutada a opción del acreedor."

De manera que para contar los veinte años debe partirse del 30 de junio de 1923, fecha en que venció el primer plazo de la deuda y no fué pagado. El efecto de la nulidad del ejecutivo sumario declarada por la corte inferior en este caso fué colocar a las partes en la misma posición en que habían estado con anterioridad a la iniciación del ejecutivo sumario. *Muñoz* v. *Solá*, 48 D.P.R. 787; *Cosme* v. *Márquez*, 49 D.P.R. 783. Esto no obstante, el iniciarse dicho procedimiento ejecutivo sumario en el año 1927 tuvo el efecto de interrumpir el término prescriptivo de veinte años, de acuerdo con el artículo 1873 del Código Civil, que dispone lo siguiente:

"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

No importa el hecho de que el requerimiento a los deudores en el ejecutivo sumario fuera nulo. A los efectos de interrumpir el período prescriptivo de la acción bastaba con la radicación de la demanda. Dice Manresa comentando el artículo 1973 del Código Civil de España, equivalente al 1873 del nuestro:

"Además, basta la mera presentación de la demanda para que surta ésta el efecto interruptor sin necesidad de esperar a la citación judicial, al contrario de lo que sucede en la prescripción adquisitiva, en la que, siendo causa de la interrupción la impugnación de la posesión en que se halla el que prescribe y la pérdida de su condición de pacífica y de ser mantenida de buena fe en concepto de dueño, es indispensable la citación judi-

cial del demandado para que el poseyente tenga conocimiento de la impugnación de su posesión y pueda o no oponerse a ella. Pero en la prescripción extintiva, no es necesario dicho requisito, porque estando fundada en ella la extinción en el no uso de la acción, basta que sea puesta en ejercicio para que cesen la causa y el fundamento de su prescripción. Por eso no hay que esperar tampoco a que recaiga la sentencia para que se consoliden o no los efectos de la suspensión, que determina, en cuanto a la virtualidad de la causa interruptora, la citación judicial en la adquisitiva para estimar que la interrupción subsistió desde ella si la demanda prosperase, o que no tuvo efecto en tiempo alguno si fuera desestimada en definitiva." 12 Manresa, Código Civil Español, 5ta. ed. (1951), págs. 954-55.

Habiéndose radicado el ejecutivo sumario en 1927, al radicarse la presente acción en 1944, no habían transcurrido los veinte años señalados en los artículos 1864 del Código Civil y 134 de la Ley Hipotecaria. No erró la corte al resolver, aunque sin dar motivo alguno,([2]) que la acción no había prescrito.

■■ El otro señalamiento se refiere al hecho de haber permitido la corte a quo que se sustituyera, con la oposición de los demandados, como parte demandante a Sucrs. Huertas González S. en C. en Liquidación por Florentino Longo, quien había obtenido por adjudicación al liquidarse dicha sociedad el crédito hipotecario objeto de cobro en esta acción. Sostienen los apelantes que erró la corte al autorizar esta sustitución de acuerdo con el caso de *Anaud* v. *Corte de Distrito*, 35 D.P.R. 874. Dicho caso contemplaba una situación de hechos muy distinta a la del presente. Allí se resolvió que cuando personas adquieren del demandado original *pendente lite* un interés en la cuestión en litigio o en la propiedad en controversia, debe hacerse por el demandante una alegación suplementaria incluyendo sus nombres en el emplazamiento y notificándoles lo mismo que en el caso original, a menos que

---

([2]) La corte inferior se limitó a desestimar todas las defensas legales diciendo. que "carecen de fundamento y no tienen justificación de ley" pero no hizo conclusiones de derecho, como era su deber.

544

comparezcan voluntariamente. Aquí se trata de la sustitución de la parte demandante original por aquélla a quien se adjudicó el crédito. El hecho de que el referido crédito estuviera siendo objeto de litigio, no implica que no pudiera cederse como sostienen los apelantes. Ninguna autoridad citan para tal aseveración.

Como hemos dicho anteriormente, los demás errores señalados carecen de méritos.

*Debe confirmarse la sentencia.*